IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CLIFFORD T. HASTINGS**,<br><br>    Plaintiff,<br><br>    v.<br><br>**MICHAEL ASTRUE**, Commissioner<br>Social Security Administration,<br><br>    Defendant. | Case No. 3:11-cv-01054-SI<br><br>**OPINION AND ORDER** |

Clifford T. Hastings, 130 Howe Street, Detroit, OR 97342, representing himself.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 SW Third Avenue, Suite 600, Portland, OR 97201; Matthew W. Pile, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104.  Attorneys for Defendant.

PAGE 1, OPINION AND ORDER

**SIMON, District Judge.**

Plaintiff Clifford Hastings ("Hastings"), representing himself, challenges the Commissioner's decision finding him not disabled and denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"). This court has jurisdiction under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is AFFIRMED.

## I.  BACKGROUND

**A.   The Plaintiff**

Mr. Hastings was born in 1955. Tr. 253. (Dkt. 11.) He has an eleventh-grade education. Tr. 286. He applied for benefits on October 16, 2006, alleging disability since his birth date, July 28, 1955. Tr. 253, 520. Mr. Hastings claims that his disability is due to post-traumatic stress disorder, major depressive disorder, and anxiety. Tr. 282. The Commissioner denied the applications initially and upon reconsideration. Tr. 166-68, 524-33. An Administrative Law Judge ("ALJ") held a hearing on February 18, 2009. Tr. 534-609. On June 1, 2009, the ALJ found Mr. Hastings to be not disabled. Tr. 27-36. On June 29, 2011, the Appeals Council declined to review the ALJ's decision. Tr. 7-10. This action made the ALJ's decision the final decision of the Commissioner, subject to review by this court. 20 C.F.R. § 410.670a.

**B.   The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R.

PAGE 2, OPINION AND ORDER

§ 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 416.920(e). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

> 5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

See also *Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

C. **The ALJ's Decision**

In step one of the sequential analysis, the ALJ found that Mr. Hastings was not performing substantial gainful activity. Tr. 29. At step two, the ALJ found Mr. Hastings' anxiety and depressive disorders to be "severe." *Id.* At step three, the ALJ found that these impairments did not meet or equal a listed disorder. Tr. 32. The ALJ then found that Mr. Hastings retained the RFC to perform medium work, lifting 25 pounds frequently and 50 pounds occasionally. *Id.* The ALJ also found that Mr. Hastings is limited to performing "simple,

PAGE 4, OPINION AND ORDER

repetitive tasks involving minimal interaction socially," and "to minimal reading." *Id.* Based upon the Commissioner's regulations and the testimony of a vocational expert, the ALJ found that Mr. Hastings could perform work that existed in significant numbers in the national economy. Tr. 34-35. At step five, the ALJ found Mr. Hastings to be not disabled. Tr. 35.

## II. STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d at 1226-26 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

### III.  DISCUSSION

Mr. Hastings asserts that the ALJ: (1) failed to amend Mr. Hastings' alleged onset date; (2) failed to locate allegedly lost records; (3) failed to develop the record; (4) failed to properly consider a reviewing physician's opinion; (5) failed to make adequate findings at step two; and (6) improperly dismissed evidence pertaining to an Oregon Department of Human Services decision.

**A.     Onset Date**

Mr. Hastings argues that his original benefit application date was "July of 2000." Pl.'s Mem. 2. (Dkt. 12.) He asserts that he testified to this during his February 18, 2009, hearing before the ALJ. *Id.*

The hearing transcript before this court shows no such testimony. Mr. Hastings, who had counsel at the hearing, did not testify that his alleged disability began in July 2000. His counsel indicated that he would "go with" Mr. Hasting's "date last insured" for Disability Insurance Benefits ("DIB"), which was December 31, 1994. Tr. 545. Further discussion established that Mr. Hastings worked intermittently until at least 2004. Tr. 552-53. Mr. Hastings, however, also testified that he had no income after December 1994. Tr. 563. The record does not support Mr. Hastings' argument that he attempted to amend his onset date during the hearing. This allegation of error therefore fails.

**B.     Agency Records**

Mr. Hastings asserts the Social Security Administration (the "Agency") failed to adequately maintain records pertaining to his applications. Pl.'s Mem. 2. The court, however, only has jurisdiction to review the Commissioner's final disability determination only. 42 U.S.C. § 405(g). Although this court may sympathize with a claimant's frustration with the

PAGE 6, OPINION AND ORDER

Agency's occasional lapses in recordkeeping, it cannot remedy that situation. *See Richardson v. Astrue*, No. 3:10-cv-6365-ST, slip. op. at 15 (D. Or. Jan. 6, 2012). Because 42 U.S.C. § 405(g) limits this court's review to the final determination of disability, this court cannot further address Mr. Hastings' claim regarding allegedly lost records.

C.   **Development of the Record**

Mr. Hastings argues that the ALJ should have further developed the medical record. Pl.'s Mem. 2. Specifically, he argues that the ALJ should have obtained formal IQ testing because examining psychologist M. John Givi, Psy.D., did not perform such testing. *Id.*

The ALJ must develop the record when the claimant's onset date is ambiguous, *Armstrong v. Comm'r*, 160 F.3d 587, 590 (9th Cir. 1998), or when the record is too inadequate for the Commissioner to make a proper disability determination. 20 C.F.R. §§ 404.1513(e); 416.913(e); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ must be "especially diligent" when the claimant is unrepresented. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). Here, the court notes that Mr. Hastings was represented by counsel at his hearing before the ALJ. Tr. 534.

Mr. Hastings originally asserted his alleged disability began at birth. Tr. 253, 520. Discussion at his hearing, where he was represented by counsel, centered upon an alleged onset date of December 31, 1994, which was the last date at which Mr. Hastings was insured for Disability Insurance Benefits under Title II of the Act. Tr. 545. Mr. Hastings' counsel stated, "Well, I don't want to concede the SSD at this point. So I guess the – we'll – the date last insured is December 31st of '94. So let's just go with that date right now." Tr. 545. The ALJ's decision reflected this date. Tr. 27. This was a reasonable finding based on counsel's representation, and that finding will not be disturbed.

Mr. Hastings also asserts that the ALJ should have developed the record regarding Mr. Hastings' IQ. Pl.'s Mem. 2. He specifically states that he was in special education classes and that examining psychologist John Givi, Ph.D., Psy.D., did not conduct IQ testing. *Id.* The Ninth Circuit has characterized a record as "inadequate" when, for example, a claimant testified that he was receiving a Veteran's Administration pension based upon un-employability because this circumstance suggests that the Veteran's Administration made a disability finding. *McLeod*, 640 F.3d at 885-86.

The record before this court contains medical records pertaining to the period between June 2000 and August 2010. Tr. 424; 188. These records address Mr. Hastings' reports of chest pain (Tr. 49-69, 416-18, 424-38) and mental health treatment at Deschutes County Mental Health ("DCMH") (Tr. 120-37), and Lifeworks Counseling Center. Tr. 356-57; 384-411. During this time two examining psychologists evaluated Mr. Hastings for Disability Determination Services, on March 22, 2007 (Tr. 358-61), and on August 16, 2010. Tr. 108-15.

Dr. Givi evaluated Mr. Hastings on March 22, 2007. Tr. 358-61. He assessed major depressive disorder, post-traumatic stress disorder, and obsessive-compulsive disorder. Tr. 361. Dr. Givi estimated that Mr. Hasting's "premorbid cognitive abilities" were in the low-average range, and that Mr. Hastings read at a fourth-grade level. Tr. 361. Examining psychologist William Trueblood, Ph.D., later examined Mr. Hastings on August 16, 2010 (Tr. 108-15), and assessed obsessive-compulsive disorder, generalized social phobia, post-traumatic stress disorder, major depression (characterized as recurrent and mild), and attention deficit hyperactivity disorder. Tr. 115. Dr. Trueblood indicated a "rule out" borderline intellectual functioning diagnosis and stated that Mr. Hastings had intact orientation, but "very low" performance in calculations and impaired performance on a basic memory test. Tr. 113.

PAGE 8, OPINION AND ORDER

Mr. Hastings sought treatment at Lifeworks counseling center between July 2006 and January 2007. Tr. 356-57; 384-411. Notes from that treatment discuss complaints relating to post-traumatic stress disorder, depression, and domestic difficulties. *Id.* Mr. Hastings later sought treatment at DCMH between in June and July 2010. Tr. 120-35. These notes discuss complaints of suicidal ideation and depression. *Id.* They are silent regarding Mr. Hastings' intellectual functioning. *Id.* This silence does not suggest ambiguity or inadequacy in the evidence pertaining to Mr. Hastings' intellectual functioning. In summary, Mr. Hastings fails to establish ambiguity or inadequacy directing further development of the record regarding his onset date and his intellectual functioning.

**D.  Medical Source Statements**

Mr. Hastings argues that the ALJ failed to credit the opinion of reviewing psychologist Robert Henry, Ph.D., regarding Mr. Hastings' activities of daily living, social functioning, and concentration, persistence, and pace. Pl.'s Mem. 3.

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician, and in turn give greater weight to an examining physician's opinion than that of a reviewing physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If two medical source opinions conflict, however, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830.

Dr. Henry reviewed Mr. Hastings' application for benefits for Disability Determination Services[1] on April 16, 2007. Tr. 337-49. Dr. Henry found that Mr. Hastings had an affective

---

[1] DDS is a federally-funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration. 20 C.F.R. §§ 404.1503; 416.903.

PAGE 9, OPINION AND ORDER

disorder, specifically major depression. Tr. 337, 340. He also found that Mr. Hastings had an anxiety disorder (Tr. 337) based upon his diagnoses of post-traumatic stress disorder and obsessive-compulsive disorder. Tr. 342. Dr. Henry found Mr. Hastings' "moderately" limited in his activities of daily living, maintaining social functioning, and maintaining concentration, persistence, and pace. Tr. 347. He found no evidence of decompensation in Mr. Hastings' medical records. Tr. 347.

The ALJ found that Mr. Hastings could perform "simple, repetitive tasks involving minimal interaction socially" but also found him limited him to simple reading. Tr. 32. Dr. Henry's assessment of "moderate" limitations does not contravene these findings. When a claimant does not show that evidence establishes further limitations than those found by the ALJ, he cannot establish reversible error. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (holding error harmless when the ALJ's remaining reasoning was adequately supported by substantial evidence in the record). Mr. Hastings therefore fails to establish error regarding Dr. Henry's opinion.

E.     **The ALJ's Step Two Findings**

The ALJ found Mr. Hastings' anxiety disorder and depressive disorder "severe" at step two in the sequential proceedings. Tr. 29. Mr. Hastings asserts that the ALJ also should have found his alleged obsessive-compulsive and post-traumatic stress disorders "severe" at step two. Pl.'s Mem. 2.

The Commissioner responds that, to establish error at step two, the claimant must show that the ALJ improperly omitted limitations pertaining to the disputed impairment at subsequent steps in the sequential analysis. Def.'s Br. 12. (Dkt. 13.) The Ninth Circuit confirms this analysis, holding that a claimant does not establish error at step two if the ALJ properly

considered the alleged impairment in his subsequent analysis. *Lewis v. Astrue*, 236 F.3d 909, 911 (9th Cir. 2001). The Commissioner further asserts that "there is no credible evidence that [post-traumatic stress disorder] and/or [obsessive compulsive disorder] caused any greater functional limitation than the ALJ found." Def.'s Br. 12.

As noted, Dr. Henry found that Mr. Hastings' post-traumatic stress disorder and obsessive-compulsive disorder impairments, in combination with Mr. Hastings' depressive disorder, caused moderate restrictions in Mr. Hastings' activities of daily living, social functioning, and concentration, persistence, and pace. Tr. 347. Mental health counselor David Gantz, LCSW, assessed no workplace limitations during a July 26, 2006, intake evaluation. Tr. 355-56.[2]

Judy DeNunzio, Psychiatric Mental Health Nurse Practitioner, evaluated Mr. Hastings on October 3, 2006. Tr. 400-03. She noted Mr. Hastings' reports of depression and anxiety but described no workplace limitations. *Id.*

On January 2, 2007, Mr. Gantz wrote a letter stating that Mr. Hastings is "extremely responsible" and "has made amazing advances in his ability to cope with his anxiety when confronted with unpleasant consequences in his daily life." Tr. 386. Mr. Gantz's treatment notes do not show specific work-related limitations. Tr. 390-99; 404-11.

The ALJ found that Mr. Hastings was limited to "simple, repetitive tasks involving minimal interaction socially" and "minimal reading." Tr. 32. These limitations are consistent with the opinions of Dr. Henry, Nurse DeNunzio, and Mr. Gantz. If the ALJ considered a

---

[2] Social workers and Nurse Practitioners are "other" medical sources under the Commissioner's regulations. 20 C.F.R. §§ 404.1513(d); 416.913(d). These clinicians may not make an independent diagnosis, but may testify to the "severity of a claimant's impairment" and how it affects his ability to work. *Id.* Contrary to the Commissioner's submission (Def.'s Br. 13), such sources are not strictly construed as lay witnesses, and may include "*medical* sources." §§ 404.1513(d)(1); 416.913(d)(1) (emphasis added).

PAGE 11, OPINION AND ORDER

claimant's limitations at a subsequent step in the sequential analysis, the claimant does not establish reversible error at step two. *Lewis*, 498 F.3d at 911. Mr. Hastings therefore does not establish that the ALJ erroneously omitted limitations regarding his post-traumatic stress disorder and obsessive-compulsive disorder.

### F.    Oregon Department of Human Services Decision

Finally, Mr. Hastings argues that the ALJ should have addressed a proposed order associated with his child custody claim pertaining to his grandchildren before the Oregon Department of Human Services ("DHS"). Pl.'s Mem. 3. Mr. Hastings points to a finding by a DHS ALJ finding that foster care applicants be "responsible, stable, emotionally mature adults who exercise sound judgment" and a conclusion that Mr. Hastings did not possess these qualities. *Id.* (citing Tr. 327). Mr. Hastings' precise allegation of error is unclear, although he may be asking the court to take note of this assessment of Mr. Hastings' mental health as it pertains to his present allegations of disability.

The ALJ stated that he "considered" the DHS proposed finding, authored by DHS attorney Rahela K. Rehman, but found it to be "of little relevance" to Mr. Hastings' disability benefit applications. Tr. 33. The Commissioner correctly asserts (Def.'s Br. 15) that the ALJ must consider, but is not bound by, disability determinations of other government agencies. 20 C.F.R. 404.1512(b)(5); 416.923(b)(5); *McLeod*, 640 F.3d at 886. Here, the proposed finding is not a disability determination, and the ALJ need not consider it under this authority.

The ALJ, however, has a duty to consider the entire case record. 20 C.F.R. §§ 404.1520(a)(3); 416.920(a)(3). This duty extends to lay testimony. 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3); *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)). When rejecting lay testimony, the ALJ

must give reasons germane to the witness. *Id.* Here, the ALJ stated that the DHS proposed finding, authored by a DHS attorney, is "not reflective of the facts established" at the hearing before the ALJ and is not relevant because it pertained to different issues and law. Tr. 33. This is a germane reason to reject the finding, to the extent it constitutes lay testimony regarding Mr. Hastings' alleged disability. The ALJ's findings on the matter are therefore affirmed.

## IV.   CONCLUSION

In conclusion, Mr. Hastings fails to show that the ALJ erroneously evaluated the medical evidence and his testimony. The ALJ's decision is based upon the record and the correct legal standards. It is therefore AFFIRMED.

**IT IS SO ORDERED**.

DATED this 7th day of September, 2012.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge